## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

IN RE: Transfer of Structured     §
Settlement Payment Rights by       §
M.Y.                              §      **CASE NO.: 21-cv-00521-CVE-SH**
                                    §
                                    §

### AMENDED COMPLAINT AND APPLICATION FOR APPROVAL
### OF TRANSFER OF STRUCTURED ANNUITY BENEFITS

Applicant, DRB Capital, LLC, files this Application for Approval of Transfer of Structured Annuity Benefits, pursuant to the provisions of Oklahoma's Structured Settlement Protection Act of 2001, 12 O.S. §3238, et seq., and requests that the Court approve the transfer to Applicant, its successors or assigns, from Michelle Lynn Young as Special Admin of the Estate of Kerry Dewayne Young ("Payee"), of rights to benefits under a structured annuity contract. In support of this Application, Applicant respectfully shows the Court the following:

#### Discovery Control Plan

1.  A discovery control plan is not required for the adjudication of this Application.

#### Interested Parties

2.  DRB Capital, LLC ("Applicant") is a limited liability company under the laws of the State of Delaware with its principal place of business in the State of Florida. Applicant is the proposed transferee.

3.  Payee is a "payee" as such term is defined in 12 O.S. §3239(8) who is receiving tax-free payments under a structured settlement and is proposing to make a partial transfer of the structured settlement payment rights to Applicant.

4.  Payee is a single person, over the age of 18 years and is a resident of Osage County, Oklahoma.

5.  The other interested individuals are the following parties:

    a.  Annuity Owner:

        i.  United States of America – Department of Health and Human Services.

    b.  Annuity Issuer:

        i.  Prudential Insurance Company of America

<u>Venue and Jurisdiction</u>

6.  Venue is proper in the Northern District of Oklahoma, and this Court has jurisdiction to hear this matter pursuant to the Oklahoma Structured Settlement Protection Act, 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1346(b). *See* TransAmerica Assur. Corp. v. U.S., 423, F. Supp. 2d 691, 697 (W.D. Ky 2006).

<u>Statement of Facts</u>

7.  Payee is entitled to receive periodic payments pursuant to a "structured settlement", as Special Administrator of the Estate of Kerry Young, from an annuity issued by Prudential Insurance Company of America (the "Periodic Payments"), and the United States of America – Department of Health and Human Services, which funds the payments as such term is defined under 12 O.S. §3239(13).

8.  Pursuant to the terms of the structured settlement (herein "Settlement Agreement"), the obligor thereunder promised to pay to Payee certain periodic payments (collectively referred to herein as the "Periodic Payments"). A true and correct copy of the Settlement Agreement, including the Judgment, Unpublished Decision and Stipulation is attached hereto as Exhibit "A").

9.  Pursuant to the terms of the Stipulation dated December 7, 2007:

    a.  The Secretary of Health and Human Services agreed to issue the following vaccine compensation payments:

i. A lump sum of $242,000.00 in the form of a check payable to the petitioner, which amount represents partial settlement of all of petitioner's damages[1]; and

ii. An amount sufficient to purchase an annuity contract from the life insurance company for the benefit of Kerry D. Young, pursuant to which the life insurance company would agree to make payments periodically to petitioner for the following items of compensation:[2]

1. For all remaining elements of compensation, beginning thirty (30) days from the date of purchase of the annuity, $1,5000.00 payable monthly for twenty-four (24) years guaranteed (288 payments guaranteed). The monthly benefit shall compound at two percent (2%) annually from the date of the first payment.

2. Kerry Young would receive the annuity payments from the life insurance company for the guaranteed period. Should Mr. Young predecease the exhaustion of the payments during the guaranteed period described, any remaining payments shall be made payable to the Estate of Kerry D. Young. Payments would continue to petitioner or to his estate until the end of the guaranteed period of twenty-four (24) years, at which the annuity will terminate.

iii. A lump sum of $39,305.18, in the form of a check payable to petitioner and petitioner's attorney.[3]

---

[1] *See Stipulation* at ¶8(a).
[2] *See Stipulation* at ¶8(b) and ¶10.
[3] *See Stipulation* at ¶8(c).

b.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America were released from any and all obligations with respect to future annuity payments.[4]

10. On December 17, 2007, the Unpublished Decision was entered directing the clerk to enter judgment in the case according to the decision and the stipulation. Specifically, the Unpublished Decision states: "Damages awarded in that stipulation include: . . . **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, attached hereto as Appendix A, paid to the life insurance company from which the annuity will be purchased**, which amount represents compensation for all remaining elements of compensation under 42 U.S.C. § 300AA-15(a)".[5] (*emphasis in original*).

11. On December 19, 2007, the Judgment was entered and provided as follows: "IT IS ORDERED AND ADJUDGED this date, pursuant to Vaccine Rule 11(a), that petitioner is awarded compensation in the form of an annuity, as provided for in the above referred to Stipulation, together with a lump sum payment of $242,000.00 in the form of a check payable to petitioner."[6]

12. In order to fulfill its obligation under the Settlement Agreement, the obligor thereunder, United States of America – Department of Health and Human Services, (the "Annuity Owner"), purchased an annuity contract (the "Annuity Contract") from Prudential Insurance Company of America (the "Annuity Issuer") under which contract the Annuity Owner and/or the Annuity Issuer is scheduled to make the Periodic Payments pursuant to the terms of the Settlement Agreement

---

[4] *See Stipulation* at ¶ 11.
[5] *See Unpublished Decision*.
[6] *See Judgment*.

directly to Payee. A true and correct copy of the Annuity Contract is attached hereto as Exhibit "B"

13. Notably, the Annuity Contract explicitly permits the Payee to seek a transfer under the Oklahoma Structured Settlement Protection Act. Specifically, the Annuity Contract provides for the assignment by the Payee or Beneficiaries as follows:

> Payees and Beneficiaries have no ownership rights in this Contract. They shall no right to anticipate, sell or absolutely assign (by any means, regardless of form) payments under this Contract and any attempted assignment will be void at the outset. A **Payee or Beneficiary may, however, assign its right to receive payments under this Contract to another Payee if such assignment has been approved in advance in a "Qualified Order" as defined in section 5891(b)(2) of the Internal Revenue Code and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.** We will not recognize or be deemed to know of any assignment of such right to receive payments under this Contract unless (i) we receive the proper documentation, as noted in the previous sentence, at our Designated Office for Communications, and (ii) the Owner consents to such assignment. (Emphasis added).

14. Payee is desirous of receiving a lump sum payment in lieu of Payee's right to receive a portion of the Periodic Payments that Payee would otherwise receive pursuant to the terms of the said annuity contract and has agreed to transfer to Applicant and its successors and/or assigns a portion of the Periodic Payments (referred to herein as the "Assigned Payments" or the "Assigned Payment Rights"). Payee has agreed to accept from Applicant an agreed-upon amount for the purchase of the Assigned Payments from Payee.

15. Payee and Applicant have entered into an Absolute Sale and Security Agreement, herein referred to as the "Transfer Agreement," as such term is defined in 12 O.S. § 3239(19). A true and correct copy of the Transfer Agreement is attached hereto as Exhibit "C" and incorporated herein by reference.

16. Applicant has timely provided to Payee a Disclosure Statement as required by 12 O.S. §3240, more than three (3) days prior to the date on which Payee signed the Transfer Agreement. A copy of the Disclosure Statement is attached hereto as Exhibit "D" and is incorporated herein by reference.

17. The Transfer Agreement and the transactions contemplated therein comply with the requirements of 12 O.S. §3240, et seq., and do not contravene any applicable federal or state statutes or the order of any court or other government authority.

18. Payee has been advised in writing by Applicant to seek independent professional advice regarding the transfer of the Assigned Payments and Payee has waived Payee's right to seek such advice as evidenced by the Acknowledgment of Waiver of Independent Professional Advice attached hereto as Exhibit "E".

19. The transfer of the Assigned Payments by Payee to Applicant under the Transfer Agreement is in the Payee's best interest, taking into account the welfare and support of Payee's dependents if any.

20. All parties interested in this Application are set forth below and each will receive notice of this Application as required by 12 O.S. §3243(B):

    a.  Payee: Michelle Lynn Young as Special Admin of the Estate of Kerry Dewayne Young.

    b.  Annuity Obligor: Department of Health and Human Service, Vaccine Injury Compensation Program, Parklawn Building, Rm 11C-26, 5600 Fishers Lane, Rockville, MD 20857

c.  Annuity Issuer: Care of Stevens & Lee, P.C., Attn: Structured Settlements, Prudential Insurance Company of America, Preferred-petitions@steveslee.com, 111 North Sixth Street, Reading PA 19601

## **<u>PRAYER</u>**

Based upon the foregoing, Applicant prays that this Court grant the Complaint and Application and approve the transfer of structured annuity payments to Applicant, its successors or assigns.

Respectfully submitted,

 *s/Chad C. Taylor*
 Chad C. Taylor, OBA #18308
 *Attorney for Applicant*
 RIGGS, ABNEY, NEAL, TURPEN,
 ORBISON & LEWIS
 528 N.W. 12th Street
 Oklahoma City, OK  73103
 Telephone: (405) 843-9909
 Facsimile: (405) 842-2913
 ctaylor@riggsabney.com