**Prudential**

Home Office:
The Prudential Insurance Company of America
Prudential Plaza, Newark, New Jersey 07102

| Owner: United States of America/ Department of Health and Human Services | | |
|---|---|---|
| **Contract No.:** SIQ000000055 | **Contract Date:** January 15, 2008 | **Jurisdiction:** Maryland |
| **Payee(s):** Kerry Young | **Sex:** Male | **Date(s) of Birth:** 1967 |
| **First Annuity Payment Date:** February 15, 2008 | | **First Annuity Payment Amount:** See Payment Schedule |

We will make Annuity Payments in accordance with this Contract. Annuity Payment Dates and amounts of the Annuity Payments are shown in the Payment Schedule.

Please read this Contract carefully. If there is a question, contact us at the Designated Office for Communications.

**Right to Cancel**: You may cancel this Contract within ten days after the date you receive it by giving notice in writing and by mailing the Contract to the Designated Office for Communications. This notice must be postmarked on or before the tenth day after you receive the Contract. The Contract will be canceled as of the Contract Date and the Purchase Payment will be refunded, in accordance with applicable state law.

Signed for Prudential:

*Kathleen M. Gibson*

Secretary

*[signature]*

Chief Executive Officer and President

### SINGLE PREMIUM ANNUITY CONTRACT – NON-PARTICIPATING

*Unless otherwise expressly provided, this Contract does not provide for any lump sum death benefit, any cash surrender value, or any way to convert life contingent payments into a paid-up annuity. Upon the death of any Payee, all life contingent payments due such Payee hereunder will cease. For any Annuity Payment payable after a Payee's death, however, we will make such payment to the person(s), in the amount(s), and on the date(s) specified under the terms of this Contract.*

> EXHIBIT
> B

SSA-2004

## DEFINITIONS

We define below some of the terms used in this Contract.

- **Payee(s)**: The person(s) identified as "Payee(s)" on the first page of this Contract.

- **Annuity Payments**: Annuity payments to be made under this Contract, in the amounts shown on the Payment Schedule(s).

- **Designated Office for Communications**: The following address, or any other office we may specify in writing:

  Prudential Financial
  2101 Welsh Road
  Dresher, Pennsylvania 19025-5001

- **Owner**: The "Owner" is the party identified on the first page of this Contract, unless we have endorsed this Contract to show otherwise. The Owner is the contractholder, or policyholder, and has certain rights and duties under this Contract.

- **Payment Date**: The date each Annuity Payment stated in the Payment Schedule is due.

- **Payment Schedule**: The schedule(s) attached and made part of this Contract showing Annuity Payments and Payment Dates for each Payee.

- **Purchase Payment**: Amount agreed to be paid to Prudential in connection with this Contract. The Purchase Payment is the amount that, when improved with interest and/or mortality and morbidity contingencies, is sufficient to provide the Annuity Payments.

- **We, our, and us**: The Prudential Insurance Company of America ("Prudential").

- **You and yours**: The Owner of this Contract.

## GENERAL PROVISIONS

**Assignment of Contract**:  This Contract may not be assigned by the Owner without our consent.

**Assignment by the Payees or Beneficiaries**:  Payees and Beneficiaries have no ownership rights in this Contract.  They shall have no right to anticipate, sell or absolutely assign (by any means, regardless of form) payments under this Contract and any attempted assignment will be void at the outset.  A Payee or Beneficiary may, however, assign its right to receive payments under this Contract to another Payee if such assignment has been approved in advance in a "Qualified Order" as defined in section 5891(b)(2) of the Internal Revenue Code and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.  We will not recognize or be deemed to know of any assignment of such right to receive payments under this Contract unless (i) we receive the proper documentation, as noted in the previous sentence, at our Designated Office for Communications, and (ii) the Owner consents to such assignment.

**Communications**:  Any communication contemplated by this Contract is subject to this provision. Unless we otherwise consent in writing, beneficiary designations and revocations, and other notices, instructions, or consents related to this Contract, must be (i) in writing, (ii) in form and content acceptable to us in our reasonable opinion, and (iii) delivered to our Designated Office for Communications.

**Contract Modifications**:  This Contract may be modified only by agreement between you and an officer of Prudential.  Contract modifications must be in writing.

**Contract Overview**:  This Contract, including all its provisions and any attachments, endorsements, and schedules, forms the entire contract.  This Contract takes effect on the Contract Date as shown on the first page only if the Purchase Payment has been made to us. Otherwise, this Contract will be void.  We will own the Purchase Payment at the earlier of either the First Annuity Payment Date or the date on which we issue the Contract for delivery.

SSA-2004                                        2

**Currency**:  Any money we pay or which is paid to us, must be in United States currency.

**Misstatement of Age and/or Sex**:  If either the Date of Birth or Sex of any Payee, or both, as stated on the first page, is incorrect, we will adjust the Annuity Payment amount(s) to that which the Purchase Payment would have bought using the corrected date of birth or sex, or both.  This adjustment will take into account Annuity Payment(s) made as well as Annuity Payment(s) due.  This will be done as follows:  (1) we will deduct any overpayment, with interest at 5% per year, from any payment(s) due; and/or (2) we will add any underpayment, with interest at 5% per year, to the next payment we make after we receive proof of the correct date of birth and/or sex.

**No Surrender and No Loan**:  You may neither surrender this Contract to us for cash nor borrow from us on this Contract.

**Non-participation of Contract**:  This Contract is not eligible for dividends.

**Ownership and Control**:  Except as provided in this Ownership and Control provision, the Owner is entitled to any Contract benefit and the exercise of any right or privilege granted by or related to the Contract.  As a convenience to the Owner, the Owner may instruct us to make Annuity Payments directly to corresponding Payee(s), or to any such Payee's guardian, named in the Payment Schedule.

If the Payment Schedule provides for payments after a Payee's death, the Owner may designate a person or persons (each a "Beneficiary") to receive such payments upon the death of such Payee.  The Owner may authorize us to accept Beneficiary designations and revocations from such Payee without further authorization from the Owner.  If no Beneficiary is designated, payments that remain payable upon the death of any Payee will be made to such Payee's estate.

All Beneficiary designations may be revoked by the designating party.  Beneficiary designations and revocations must be made by notice.  This notice must be in form and content acceptable to us in our reasonable opinion.  We may refuse to put into effect Beneficiary designations and revocations that do not comply with applicable law or any court order that has been provided to us at our Designated Office for Communications.

**Proof of Status as to Life, Death, Legal Capacity, and Legal Authority**:  We have the right to require proof satisfactory to us of the life or death of any person whose life or death is a factor determining whether and/or to whom we are obligated to make payment.  We also have the right to require proof satisfactory to us of the legal capacity and/or the legal authority of any person (e.g., Payee, guardian, representative, power-of-attorney, estate administrator, etc.) claiming any right to payment under this Contract or altering any right of payment.  We may delay or otherwise withhold any payment, without interest, until we have received such proof or proofs of status, specified in this provision, that we may request.

---

**END**

**PAYMENT SCHEDULE**                              **CONTRACT NO.: SIQ000000055**

**PAYEE(S)**

Kerry Young

• All payments under this Contract to the Payee and Beneficiary(ies) are subject to the Owner's right to direct payments as we describe in the Ownership and Control provision of the Contract.

• We will make Guaranteed Period Certain Annuity Payments under this Contract as specified in a. and b. below:

  a. Monthly payments of $1,500.00 each, starting on February 15, 2008, with 12 Guaranteed Payments; and

  b. Monthly payments starting on February 15, 2009, such that the amount of each payment will be 102% of the same monthly payment in the prior Contract Year, with 276 Guaranteed Payments. "Contract Year" means the 12 month period beginning each February 15th. The first Contract Year begins February 15, 2008.

• If the Payee named above in this Payment Schedule dies before all of the Guaranteed Payments become due, we will make the rest of them on their due dates to the designated Beneficiary(ies).

End of Provision