IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: Transfer of Structured Settlement Payment Rights by M.Y. | Case No. 21-cv-00521-CVE-SH |

### Defendant United States of America's Reply to Plaintiff's Response in Opposition to Motion to Dismiss

The United States of America, on behalf of the U.S. Department of Health and Human Services ("HHS") submits its reply brief in support of its Motion to Dismiss ("Motion") (Doc. 17) and against Plaintiff's Response in Opposition ("Response") (Doc. 20). HHS identified three grounds warranting dismissal of the Amended Complaint and Application for Approval of Transfer of Structured Annuity Benefits ("Amended Complaint") (Doc. 5) filed by Applicant, DRB Capital, LLC, a Delaware limited liability company ("DRB"): failure to serve the United States (in particular, the U.S. Attorney General), failure to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1491(a), and for failure to state a claim upon which relief can be granted—HHS does not agree to any assignment of payment rights.

While acknowledging the issues raised by HHS in each of these three areas in its Response, DRB plays lip service to each deficiency. Notably, DRB fails to address HHS' arguments under the Tucker and Little Tucker Acts, pivoting to a wholly separate statute and case concerning injunctive relief and judicial review of the APA, which are not on point. Fatally to its cause, DRB also ignores the language in the Stipulation and Annuity Contract prohibiting the assignment of payment rights without the express approval of the United States.

**I. Proper service on the U.S., namely its Attorney General, remains unknown.**

While it seems that DRB has initiated the process to complete service via the Court Clerk's issuance of two Summons directed at the U.S. Attorney General (Doc. 19), it is not clear if Rule 4 has been satisfied.[1] However, now more than 180 days beyond the filing of DRB's Amended Complaint, and considering the difficulty DRB has experienced in attempting to comply with Fed. R. Civ. P. Rule 4, HHS is wary to take it on faith that service has finally been completed correctly, and awaits confirmation of such.[2]

**II. The District Court lacks subject matter jurisdiction.**

Instead of confronting the Tucker Act directly, DRB summarily concludes its inapplicability and provides no legal analysis to support its argument. The pertinent part of the Tucker Acts provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a). DRB concedes that the United States is the owner of the annuity contract,[3] and it is from this contract that DRB is seeking the assignment of

---

[1] Unlike earlier in the docket where DRB filed a set of executed returns of summons (Doc. 13), such proof of service for the correct AG remains outstanding. DRB notes that it "already caused new summons to issue to serve the U.S. Attorney General" and "stands ready to put [AG] Garland on notice of this action as required." Response at 5-6.

[2] At the time of filing, undersigned counsel has contacted Main Justice and awaits a response regarding if AG Garland has been properly served in conformance with Rule 4.

[3] Doc. 20 at 2 ("The obligor agrees to purchase an annuity . . . and retains ownership of the annuity"); *Id.* at 4 (the United States is an interested party, specifically "the structured settlement obligor"); *Id.* at 7 ("the owner of the annuity, the United States"); *Id.* at 8 ("the underlying annuity contract purchased by the United States"); *Id.* at 9 ("the annuity contract purchased by the United States").

2

certain payment rights. Further, the companion Little Tucker Act cannot save DRB, as it is not disputed that an amount beyond $10,000 is at issue. *See* Doc. 17 at 7, n. 6.

DRB framed this case in its Amended Complaint as an application under the Oklahoma Structured Settlement Protection Act of 2001, Title 12 O.S. § 3238 *et seq.* ("OSSPA"), requesting the Court approve a transfer of certain payment rights. In its Response, DRB either attempts to recast the case as a judicial review under the Administrative Procedures Act ("APA") or hopes to clarify that the instant action concerns non-monetary relief. *See* Response at 7, citing 5 U.S.C. § 702; *Cobell v. Babbitt*, 30 F. Supp. 2d 24, 32 (D.D.C. 1998). Section 702 and the page cited from *Cobell* address whether the United States has waived sovereign immunity. However, the issue at hand is not about sovereign immunity in general, but how subject matter jurisdiction does not lie for the assignment sought *in the district courts*. Regardless, subject matter jurisdiction here does not turn on whether money damages or non-monetary relief are requested, but, rather, the fact that a contract is at issue for an amount exceeding $10,000. The Tucker Act dictates that the District Court lacks subject matter jurisdiction over the instant case.[4]

### III. The assignment sought herein is futile: the U.S. will not authorize a transfer of payments rights.

In its Motion, HHS outlined numerous examples dictating how DRB's attempts to transfer the payment rights fail based on the Stipulation and Annuity Contract:

---

[4] If DRB remains insistent on pursuing this transfer, it should recognize that an annuity owned by the United States, originating in the Court of Federal Claims, is unlike a transfer sought between private parties. Accordingly, this matter has no place in Osage County District Court nor the United States District Court for the Northern District of Oklahoma.

3

1. The express terms of the Annuity Contract prohibit assignment of any payment rights *without the consent* of its owner—HHS;
2. DRB had ample notice—*before* filing this second iteration of this action—that any efforts to assign payment rights are futile without HHS consent;
3. Mrs. Young also had notice of this same fatal flaw—lack of HHS consent—even before DRB filed its earlier case that it subsequently dismissed; and
4. The express terms of the Stipulation confirm that monthly payments will continue to his estate, in the event of Mr. Young's death, until the end of the guaranteed period. Further, "[t]here is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to."

Doc. 17 at 7-10 (quoting Doc. 5-1 at 4, ¶ 16).

Reviewing the Stipulation, it is devoid of any language providing Mr. Young's estate an ability to assign payment rights to an undetermined third party. The assignment sought here fails as it was not expressly stated and clearly agreed to by the parties, as required by ¶ 16 in the Stipulation.

Turning to the Annuity Contract, DRB argues in its Response that an assignment, like the one sought here, is contemplated therein. Doc. 20 at 8 ("A Payee or beneficiary may, however, assign its right to receive payments under this contract to another Payee . . . ."). Compared to its Response that isolates the second sentence, when DRB cited this same language in its Amended Complaint, it at least provided the complete paragraph in question from the Annuity Contract. *See* Doc. 5 at 5, ¶ 13 (quoting Doc. 5-2 at 2). Importantly, the next sentence immediately following the language contemplating an assignment **specifically restricts the possibility of such an assignment**:

> We will not recognize or be deemed to know of any assignment of such right to receive payments under this contract unless (i) we receive the proper documentation, as noted in the previous sentence, at our Designated Office for Communications, **and (ii) the Owner consents to such assignment.**

*Id.* (emphasis added); Doc. 17 at 8 (quoting Doc. 5-2 at 2). Even if DRB was able to acquire the "proper documentation" noted in part (i), a "Qualified Order" from this Court that otherwise complies with the OSSPA, **it still is required to obtain the owner's consent to such assignment**. As noted in nos. 2-3 listed at the outset of this section, and in the various filings by HHS in this matter and its prior incarnation, the United States has not and will not consent to any assignment. Accordingly, the instant action must fail.

In no uncertain terms, DRB is requesting this Court impose its judgment:

(1) on the Court of Federal Claims regarding the underlying judgment and

(2) in the place of HHS' discretion regarding the Annuity Contract.[5] Such a result would be a collateral attack on a judgment issued from the Court of Federal Claims and a violation of the separation of powers between these branches of government.

---

[5] *See* Response, Doc. 20 at 9 ("[T]he United States must be *forced* to abide by its contractual obligations as per the annuity contract.") (emphasis added). Earlier in its Response, DRB tries to soften what action it wants the Court to compel on the United States:

> Here, as the owner of the annuity, the United States merely has to issue the instruction to Prudential Life Insurance Company [] as required by the annuity contract to comply with the Qualified Order and change the payment address of the annuity payments from one address to another (i.e.: from the address for the Estate of Kerry Young to the address for DRB).

Doc. 20 at 7.

Assuming proper service is completed on the parties, HHS requests this Court dismiss this action with prejudice for lack of subject matter jurisdiction in the District Court, for failure to state a claim upon which relief can be granted, and for all other relief to which the Court deems it is entitled.

Respectfully submitted,

Clinton J. Johnson
United States Attorney

s/Nolan M. Fields IV
Nolan M. Fields IV, OBA No. 31550
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
T: 918-382-2700
F: 918-560-7938
Nolan.Fields@usdoj.gov

## Certificate of Service

I hereby certify that on June 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filings to the parties entitled to receive notice electronically.

I further certify that on the date listed above, I also sent copies of the foregoing to the following parties not entered on the CM/ECF System for this case:

Michelle Lynn Young
Special Administrator of the Estate of Kerry Young
P.O. Box 652
Skiatook, OK 74070

Prudential Insurance Company of America
*Via e-mail*

s/Nolan M. Fields IV
Nolan M. Fields IV
