UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

IN RE: Transfer of Structured )
Settled Payment Rights by M.Y., ) Case No. 21-CV-0521-CVE-SH
)

**OPINION AND ORDER**

Before the Court are the United States of America's motion to dismiss (Dkt. # 17), DRB Capital, LLC's response (Dkt. # 20), United States of America's reply (Dkt. # 23), Prudential Insurance Company of America's motion to dismiss (Dkt. # 25), and DRB Capital, LLC's response to Prudential Insurance Company of America's motion to dismiss (Dkt. # 28). This case arises from an attempted transfer of rights--from a payee to another payee--to receive payments pursuant to an annuity contract owned by the United States and issued by Prudential Insurance Company of America (Prudential). On December 13, 2021, DRB Capital, LLC (DRB) filed an amended complaint and application for approval of transfer of structured settlement payment rights in this Court. Dkt. # 5. DRB "requests that the Court approve the transfer to [DRB], its successors or assigns, from Michelle Lynn Young as Special Admin[istrator] of the Estate of Kerry Dewayne Young ("Payee"), of rights to benefits under a structured annuity contract." Id. at 1. On May 5, 2022, the United States filed a motion, pursuant to Fed. R. Civ. P. 4(m), 12(b)(1), and 12(b)(6), to dismiss the amended complaint and application for approval of transfer of structured settlement payment rights for failure to effectuate service, lack of subject matter jurisdiction, and failure to state a claim. Dkt. # 17. On June 30, 2022, Prudential filed a motion to dismiss, adopting the earlier motion filed by the United States and adding that, since the United States is an indispensible party, should the Court grant the United States' motion, the amended complaint must also be dismissed

against Prudential because the relief sought cannot be granted without the United States' consent. Dkt. # 25, at 1.

## I.

The following allegations are taken from the amended complaint: Kerry D. Young filed a petition seeking compensation, under the National Vaccine Injury Compensation Program, "for injuries allegedly related to [his] receipt of the influenza vaccine[.]" Dkt. # 5-1, at 1. On December 7, 2007, Young and the Department of Health and Human Services entered into a stipulation whereby the parties agreed to certain settlement terms. Id. at 2. Specifically, the Secretary of Health and Human Services agreed to issue the following vaccine compensation payments: 1) lump sum of $242,000; 2) lump sum of $39,305.18; and 3) payment in the form of an "annuity contract from [a] [l]ife [i]nsurance [c]ompany for the benefit of Kerry D. Young, pursuant to which the [l]ife [i]nsurance [c]ompany will . . . [make] the following payments: . . . $1500 payable monthly for twenty-four (24) years guaranteed . . . . The monthly benefit shall compound at two percent (2%) annually from the date of first payment." Id. at 3. The parties further stipulated that "[s]hould [Young] predecease the exhaustion of payments during the guaranteed period . . . any remaining payments shall be made payable to the Estate of Kerry D. Young"; "[p]ayments will continue to [Young] or to his estate until the end of the guaranteed of twenty-four (24) years"; and "[t]he annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services[.]" Id. On December 19, 2007, the Court of Federal Claims entered a judgment awarding compensation to Young in accordance with the parties' stipulations. Dkt. # 5, at 4.

On January 15, 2008, Prudential issued an annuity contract naming United States of America/ Department of Health and Human Services as the owner, and listing Kerry Young as the payee. Dkt.

# 5-2, at 1.  The contract states, in pertinent part, the contract "may not be assigned by the [o]wner without [Prudential's] consent"; payees "have no ownership rights in this [c]ontract"; payees "shall have no right to anticipate, sell or absolutely assign (by any means, regardless of form) payments under this [c]ontract and any attempted assignment will be void at the outset"; a payee "may, however, assigns its right to receive payments under this [c]ontract to another [p]ayee if such assignment has been approved in advance" in accordance with the Internal Revenue Code's requirements; and Prudential "will not recognize or be deemed to know of any assignment of such right to receive payments under this [c]ontract unless . . . the [o]wner consents to such assignment." Id. at 2.  Michelle Young (administrator of the Estate of Kerry D. Young) and DRB "entered into an Absolute Sale and Security Agreement[,]" wherein Michelle Young agreed to transfer to DRB the right to receive "a portion" of the periodic payments due to Kerry Young's estate under the annuity contract in exchange for a lump sum payment.  Dkt. # 5, at 5.  On December 13, 2021, DRB filed the instant amended complaint and application for transfer, requesting that the Court "approve the transfer of structured annuity payments to [DRB], its successors or assigns." Id. at 7.

## II.

Motions to dismiss under Rule 12(b)(1) "generally take one of two forms.  The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted).  Where a motion to dismiss is based on a facial attack, as here, courts "apply the same standards under Rule

12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

The United States and Prudential challenge whether the Court has subject matter jurisdiction over this matter; therefore, the Court will address the jurisdictional issue first. The United States argues that the Court "lacks subject matter jurisdiction as the amount at issue is well above the $10,000 limit under the Little Tucker Act."[1] Dkt. # 17, at 5. "It is elementary that [t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations omitted) (hereinafter Mitchell I). The Tucker Act, 28 U.S.C. § 1491, "supplies a waiver of [sovereign] immunity" for those claims contemplated by the Act. United States v. Mitchell, 463 U.S. 206, 218 (1983) (hereinafter Mitchell II). Pursuant to the Tucker Act, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded [] upon . . . any express or implied contract with the United States[.]" 28 U.S.C. § 1491(a)(1). Additionally, "the Little Tucker Act creates jurisdiction in the district courts concurrent with the Court of Federal Claims for covered claims of $10,000 or less[.]" United States v. Bormes, 568 U.S. 6, 10 n. 2; see also 28 U.S.C. § 1346(a)(2) ("[t]he district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded [] upon . . . any express or implied contract with the United

---

[1] The Court notes that, as to the motions to dismiss under Rule 12(b)(1), Prudential stated in its motion (Dkt. # 25) that it "adopt[s] in full" the United States' motion to dismiss for lack of subject matter jurisdiction. Dkt. # 25, at 1. Therefore, the Court will refer herein to the United States' motion (Dkt. # 17) only.

States"). In other words, the Court does not have subject matter jurisdiction over claims exceeding $10,000 that are based upon contractual agreements with the United States.

Here, the central issue relates to the attempted transfer of certain rights under an annuity contract. It is undisputed that the United States is the named owner of said contract. Therefore, the instant case is a civil action or claim against the United States founded upon an express contract with the United States. Accordingly, the key jurisdictional inquiry is whether the amount in controversy for the instant civil action or claim exceeds $10,000. DRB attached, as an exhibit to its amended complaint and application for transfer, Michelle Young's Oklahoma Transfer Disclosure (Dkt. # 5-4). The disclosure states that the aggregate amount of future payments due under the annuity contract is $260,082.68, and the "[g]ross amount payable to the [p]ayee [by DRB] in exchange for such payments" is $125,000. Dkt. # 5-4, at 1. According to the annuity contract, the payee has no ownership rights under the contract, and any assignment of rights to receive payments under the contract to another payee must be done with the consent of the contract owner--the United States. The Court finds that DRB's amended complaint and application for transfer involves an amount greater than $10,000 and its claim is founded upon the terms of an express contract with the United States. Thus, the Court lacks subject matter jurisdiction over this matter, and the United States' and Prudential's motions to dismiss should be granted. Because the Court lacks subject matter jurisdiction, it need not address the United States' and Prudential's other grounds for dismissal.

**IT IS THEREFORE ORDERED** that the United States of America's (Dkt. # 17) and Prudential Insurance Company of America's (Dkt. # 25) motions to dismiss are **granted**. This case is **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 31st day of August, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE